IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR JAMALADDIN | : | CIVIL ACTION |
| | : | NO. 12-4686 |
| v. | : | |
| | : | |
| SCOTT DIETTERICK et al. | : | |
| | : | |

O'NEILL, J.                                                                                 November 8, 2012

### MEMORANDUM

Now before me is an emergency affidavit in the nature of a motion for injunctive relief filed by plaintiff Omar Jamaladdin. Jamaladdin, who proceeds pro se, seeks an order granting temporary relief or a stay of execution of a writ of possession for a property located at 6150 Nassau Road, Philadelphia, Pennsylvania. I will deny plaintiff's motion for the reasons that follow.

In 2010, defendant Aurora Loan Services, LLC commenced an action against Jamaladdin and Ralyna Abdus-Salaam seeking a judgment for possession of 6150 Nassau Road in the Court of Common Pleas for Philadelphia County. See Aurora Loan Servs., LLC v. Abdus-Salaam, No. 100805010 (Pa. Ct. Com. Pl. Phila. Cnty.).[1] Judgment in mortgage foreclosure was entered against plaintiff and pursuant to a writ of execution in that matter the property was sold at Sheriff's Sale by the Sheriff of Philadelphia County on October 4, 2011. Id. Aurora, the plaintiff in the foreclosure action was the successful bidder. Jamaladdin filed a motion to vacate the judgment in the mortgage foreclosure case on May 16, 2012. Id. Court of Common Pleas Judge

---

[1] The Court may take judicial notice of related state court filings involving Jamaladdin as their content is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b)(2).

Idee Fox denied Jamaladdin's motion to vacate on June 14, 2012.  Id.

On December 28, 2011, Aurora, as the owner of the property formerly owned by Jamaladdin, filed an action in ejectment in the court of Common Pleas of Philadelphia County.  See Aurora Loan Servs., LLC v. Jamaladdin, No. 111203297 (Pa. Ct. Com. Pl. Phila. Cnty.).  Court of Common Pleas Judge Leon Tucker granted Aurora's motion for summary judgment for possession in the ejectment action on May 16, 2012, the same day that plaintiff filed his motion to vacate in the foreclosure action.  Id.  On May 29, 2012, Jamaladdin appealed the Order granting summary judgment to the Supreme Court of Pennsylvania.  Id.  Jamaladdin's appeal was transferred to the Superior Court of Pennsylvania on June 14, 2012.  See Aurora Loan Servs., LLC v. Jamaladdin, No. 1955 EDA 2012 (Pa. Super. Ct.).  On July 16, 2012, Judge Tucker entered an opinion in support of the Order in the Court of Common Pleas granting Plaintiff's motion for summary judgment.  Aurora Loan Servs., LLC v. Jamaladdin, No. 111203297 (Ct. Comm. Pl. Phila. Cnty.).  Jamaladdin's appeal to the Superior Court remains active.  See Aurora Loan Servs., LLC v. Jamaladdin, No. 1955 EDA 2012 (Pa. Super. Ct.).

Jamaladdin filed the instant action on August 16, 2012.  His complaint asserts that Aurora purchased his loan from Greenpoint Mortgage Funding, LLC.  Compl. ¶ 12.  He contends that

> there appears to be fraud or deceptive trade practices which took place, in that AURORA LOANS LLC received JAMALADDINS' promissory note(s), and mortgage security "investment" instrument(s), and it appears that GREENPOINT MORTGAGE FUNDING LLC risked none of its own assets in exchange and has no such evidence of a bona fide contract or eye witnesses to prove otherwise.

Id. ¶ 11.  He further alleges that Aurora's attorneys,

> along with judges and other officials employed by the defendant

>Court of Common Pleas has [sic] aided, conspired, accepted and
>admitted [ ] filings of unsworn, third party colorable complaints,
>unsworn facts, un-validated, unfair debts, promises, and
>agreements with no competent witnesses, unsworn verifications,
>and affixed judges and other officers signatures as well as empty
>signatures to "Court Orders" as a regular, custom, policy, practice,
>and usual course of business with the intent that the under
>privileged, under educated, impoverish [sic] mass of people of
>Philadelphia County rely on these orders to their detriment.

Id. ¶ 33.

On November 11, 2012, Jamaladdin filed the instant affidavit and motion seeking injunctive relief. His affidavit states, inter alia, that he "believes that the combined actions leading to the writ of possession issued by the state court were in violation of [his] substantial [sic] due process rights as well as violations of the bill of rights amendments 4,5,7,14, [sic] federal Acts, laws, and constitutional safeguards." Dkt. No. 11 at ECP p. 3, ¶ 3. The affidavit further asserts that

>[u]nder the amendments no person shall be deprived of property
>without due process of law or a fair chance to be heard. Here the
>Plaintiff Omar Jamaladdin never received a hearing, nor at any
>time was substantive due process provided, and no trial by jury was
>ever made available in the State Court foreclosure program.

Id. ¶ 4. He also contends that there "will most definitely be irreparable harm if a family is forced out of the home that they have dwelled in for years, as a result of Defendant(s) noncompliance with federal acts, laws, safeguards, and rights afforded to citizens." Id. at ECF p. 3-4, ¶ 7.

I find that I must abstain from granting Jamaladdin's requested injunctive relief. Under the doctrine of Younger abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982); see also Coppedge v. City of Phila. Prothonotary, No.

10-375, 2010 WL 2382949, at *2 (D. Del. June 10, 2010).  The Court must abstain where:  "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Middlesex Cnty., 457 U.S. at 432; Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992).

Here, there are pending state court proceedings involving Jamaladdin, Aurora and the property at 6150 Nassau Road that raise issues directly related to those raised by Jamaladdin in this matter.  Further, "Pennsylvania has an important interest in resolving real estate issues, and a ruling in the Pennsylvania courts implicates the important interest of preserving the authority of the state's judicial system." Coppedge v. Beaumont, No. 10-394, 2010 WL 2382944, at *2 (D. Del. June 11, 2010).  Finally, Jamaladdin has an adequate opportunity to raise any constitutional claims or to seek review of the decisions of the Court of Common Pleas in his state court appeal.  See id.  Jamaladdin has not established sufficient special circumstances to convince the Court to take the extraordinary step of issuing an injunction to interfere with the pending state court proceedings.  Accordingly, the Court will abstain pursuant to Younger and will deny Jamaladdin's motion for injunctive relief.[2]  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15

---

[2] Also pending in this action are motions to dismiss filed on behalf of defendants Martha E. Von Rosenstiel, Esquire and the City of Philadelphia, Sheriff Jewell Williams and Acting Sheriff Barbara Deeley.  In her motion, Von Rosenstiel asserts a challenge to the Court's subject matter jurisdiction over the instant action.  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  Jamaladdin, as plaintiff, bears the burden of proving that the relevant jurisdictional requirements are met.  See Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

In certain circumstances, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review a state court adjudication.  Turner v. Sec'y of U.S. Dep't Hous. and Urban Dev., 449 F.3d 536, 547 (3d Cir. 2006).  The Rooker–Feldman doctrine applies to "cases brought

(1987) (stating that Younger abstention is appropriate even where plaintiffs fail to raise their federal claims in ongoing state proceedings).

---

by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) ("The Rooker-Feldman doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.").

      Jamaladdin's response to defendant's motions to dismiss should address whether any of the claims set forth in his complaint are not barred by the Rooker–Feldman doctrine or Younger abstention.