

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR JAMALADDIN | : CIVIL ACTION |
| | : NO. 12-4686 |
| vs. | : |
| SCOTT DIETTERICK, ET AL. | : |

O'NEILL, J.                                                        January , 2013

## MEMORANDUM

I have before me motions to dismiss filed by defendants City of Philadelphia, Sheriff Jewell Williams and Acting Sheriff Barbara Deeley, Scott Dietterick and Martha Von Rosenstiel.

This action arises from the foreclosure of plaintiff's property located at 6150 Nassau Road, Philadelphia, Pennsylvania resulting in an ejectment action brought by Aurora Loan Services, LLC[1] in the Court of Common Pleas of Philadelphia County. In that action the Court granted the motion of Aurora for summary judgment against Omar Jamaladdin, plaintiff herein.

Paragraph 24 of the present complaint alleges:

> however, after due diligence, the record made in the Philadelphia Court of Common Pleas case number 100805010 shows only a procedural summary judgment, in the absence of a bona fide contract, a competent fact witness having first-hand personal knowledge and no competent "truth in evidence" to support the procedural summary judgment. Thus depriving Jamaladdin of substantive due process, protections under the fourth and fifth amendments, fairness, equal protection and an impartial decision.

Dkt. No. 1 at ECF p. 8.

---

[1] Aurora has not been named as a defendant in the complaint but the complaint names Thomas Wind, President and CEO of Aurora as a defendant. According to the docket service has been made upon Aurora but not upon Mr. Wind. No motion to dismiss has been filed on behalf of either Wind or Aurora.

Plaintiff requests as one of the reliefs sought "[c]ancellation/void the alleged lien/mortgage security instrument." Id. at ECF p. 14.

Plaintiff claims that this Court has jurisdiction based upon

> Title 42 sections 1983, 1985, 1986, and 1988, and . . . Title 28 USC Section 1343 (A) (3) (4), Section 1331, and . . . the Bill of rights 4th, 5th, 7th, 14th Amendments, National Currency Act of 1864, the Civil Rights Act of 1870, the Fair Debt Collection Practices Act 15 USC 1692, the Truth in Lending Act 15 USC 1620, the Racketeering Influenced and Corrupt Organization Act 18 USC 1961-1968 and any other act which protects the rights of citizens and consumers.

Id. at ECF p. 2

It is apparent that plaintiff is seeking to have this Court review the propriety of the state court ejectment action. However, pursuant to the Rooker-Feldman[2] doctrine this Court lacks subject matter jurisdiction to conduct such a review. The Rooker-Feldman doctrine bars claims which are based upon the assertion that the underlying lawsuit in state court was wrongly decided. Gueson v. Feldman, No. 00-1117, 2001 U.S. Dist. LEXIS 24210, at *13 (E.D. Pa. Dec. 3, 2001). Stated another way, the Rooker-Feldman doctrine bars claims where entertaining the federal claim would be the equivalent of appellate review of the state court Order.

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp, 544 U.S. 280, 284 (1985). To the extent that plaintiff's complaint seeks review of the state court adjudication of matters surrounding the foreclosure and ejectment proceedings relevant to his property, the Rooker-Feldman doctrine

---

[2] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

2

divests this Court of jurisdiction to hear his claims. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Regardless of whether Wind and/or Aurora have been properly served or named as defendant(s) in this action, plaintiff alleges only that the lender commenced the relevant foreclosure proceedings and ejectment action. His claims against Wind and/or Aurora are plainly barred by the Rooker-Feldman doctrine.

In addition, plaintiff fails to state any cognizable legal claim against the City of Philadelphia. The complaint alleges issues arising from the operation of a court of the First Judicial District of Pennsylvania, and the proceedings which took place therein. The First Judicial District is a part of the unified judicial system of Pennsylvania subject to the control of the state supreme court. Callahan v. City of Phila., 207 F.3d 668, 673 (3d Cir. 2000). The City of Philadelphia is not responsible for the operation of the First Judicial District.

Moreover, plaintiff has not stated a claim against Sheriff Jewell Williams or Acting Sheriff Barbara Deeley. Sheriffs are entitled to quasi-judicial immunity when executing the sale of a property pursuant to a facially valid court order. Conklin v. Anthou, No. 12-1466, 2012 U.S. App. LEXIS 18430, at *14 (3d Cir. Aug. 30, 2012). Here, the Philadelphia Sheriff's Department was operating pursuant to a valid writ. (See Ex. H to Pls.' Compl.)

In addition, the complaint, which is vague and unintelligible, fails to state a claim against attorney defendants Dietterick and Von Rosenstiel. The only factual allegations in the complaint are that Dietterick represented Aurora in the foreclosure action and Von Rosenstiel represented Aurora in the ejectment action.

3

What is apparent from the reading of the complaint is that it is nothing more than an improper attempt by plaintiff to avoid the judgment of eviction rendered by the Court of Common Pleas of Philadelphia County. Accordingly, the complaint against all defendants will be dismissed.

An appropriate Order follows.